**UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

ALLEN BIGGS,

Plaintiff,

CASE NO.

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant
_____________________________________/

**COMPLAINT**

COMES NOW the Plaintiff, Allen Biggs, by and through his undersigned attorney and sues the Defendants, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and says:

**COUNT I**

1. This is an action for damages under the Employee Retirement Income Security Income Act (ERISA) 29 U.S.C. '1001 et seq.

2. This Court has jurisdiction pursuant to ERISA '502, 29 U.S.C. '1132.

3. Plaintiff is a resident of the City of Madeira Beach, Pinellas County, Florida, and was a participant in each of the plans, funds, program, or arrangements described herein.

4. Plaintiff is a former employee of Price Water House Coopers, LLP.

5. With respect to all claims made herein, Plaintiff has exhausted his administrative remedies.

6. Price Water House Coopers is and/or was a plan sponsor of a welfare benefit plan through, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY which provides long term disability insurance benefits and is subject to the provisions of ERISA.

7. Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY is a foreign

corporation engaged in business in Pinellas County, Florida and is:

(a) the plan administrator of the plan, or

(b) the deemed plan administrator by virtue of its assumption and exercise of their responsibilities and duties of the plan administrator, or

(c) the deemed plan administrator by virtue of its possession and exercise of control over the named plan administrator, or

(d) although purporting to act as a professional rendering professional advice to the Plan:

(i) has such a degree of influence or control over fiduciary decisions that it knew, or should have known, that its advice will be followed, or

(ii) has a relationship with the plan administrator which gives them effective control over plan matters, or

(iii) has such a degree of influence over the plan fiduciaries that the plan fiduciaries have relinquished their independent discretion.

8. The Plaintiff was found entitled to long term disability benefits under the terms of the plan based on his disability which commenced on December 9, 2011, however the Defendant determined that the Plaintiff was no longer disabled under the terms of the policy, beginning July 1, 2015. The Plaintiff requested reconsideration of that decision, but the Defendant denied said benefits at the final stage of the administrative review process on November 10, 2015. The Plaintiff posits he has continued to be disabled from July 1, 2015.

9. Plaintiff is entitled to the benefits identified herein because:

(a) The benefit is a permitted benefit under the plan.

(b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c) Plaintiff has not waived or otherwise relinquished his entitlement to the benefit.

10. Defendants, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, refused to pay the benefits sought by the Plaintiff.

11. Pursuant to ERISA '502(g), 29 U.S.C. '1132(g), the Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to his for his services.

WHEREFORE, Plaintiff, Allen Biggs, asks this Court to enter judgment against Defendants, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, finding he is entitled to receive long term disability benefits from the plan plus attorney fees, costs, and other such relief as the Court deems proper.

Respectfully submitted,

s/Michael A. Steinberg
MICHAEL A. STEINBERG, ESQ.
4925 Independence Parkway, Suite 195
Tampa, FL 33634
813-221-1300
Fla. Bar No.: 0340065
Attorney for Plaintiff
mas@ssalawyers.com